# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DOMINIQUE WELLS,<br><br>    Defendant. | Case No.: 2:14-cr-00280-JCM-GWF<br><br>**FINDINGS AND RECOMMENDATION**<br><br>**Motion to Dismiss (#92)** |

This matter is before the Court on Defendant Dominique Wells' Motion to Dismiss for Defect in Jurisdiction (#92), filed on July 6, 2015. The Government filed its Response (#97) on July 22, 2015. Defendant's Reply (#100) was filed on July 30, 2015.

## BACKGROUND

Defendant Dominique Wells was indicted on August 19, 2014, for Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951, Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924, and Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951. The Defendant is alleged to have committed five armed robberies throughout Southern Nevada with the help of two co-conspirators. The Defendant made his initial appearance on August 27, 2014, when he pled not guilty.

Defendant argues that the Federal Government does not have jurisdiction to prosecute him for his alleged crimes, as no Federal officials were involved in his arrest. Furthermore, he argues that the Federal Government has no authority to prosecute him because the State of Nevada has already dropped all related charges. The Defendant also argues that his actions did not impact interstate commerce. The Defendant additionally claims this is a malicious and vindictive prosecution because, under the Hobbs Act, every theft would interfere with interstate commerce,

and not every theft is prosecuted federally. Finally, the Defendant argues that the Hobbs Act is vague, and that the ambiguity in the statute should be resolved in his favor. The Government argues that it has jurisdiction pursuant to the Hobbs Act (18 U.S.C. 1951(a)), and that Dual Sovereignty allows for Federal prosecution even when the State of Nevada has dismissed all charges.

## DISCUSSION

In ruling on a pre-trial motion to dismiss an indictment for a lack of subject matter jurisdiction, the Court must accept as true the allegations in the indictment. *United States. v. Sampson*, 371 U.S. 75, 78-79 (1962). A defendant may, at any time, move to dismiss for lack of subject matter jurisdiction. Fed. R. Crim. P. 12(b)(2). A motion to dismiss an indictment cannot be used as a device for summary trial of the evidence, and the court should not consider evidence not appearing on the face of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2003) citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1995).

**A.    Jurisdiction under the Hobbs Act**

"The Hobbs Act provides for federal jurisdiction over crimes that were traditionally state-law matters." *United States. v. Kane*, 2:13-cr-00250-JAD-VCF, 2013 WL 5797619 at *5 (D. Nev. 2013) citing *United States v. Culbert*, 435 U.S. 371, 379 (1978). The Hobbs Act, 18 U.S.C. § 1951(a), states:

> Whosoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The indictment in this case alleges that the Defendant committed five robberies: a 7-Eleven in Henderson, Nevada, on June 15, 2014; a Texas Market in Las Vegas, Nevada on June 19, 2014; Boulder Liquor in Las Vegas, Nevada, on June 21, 2014; Nevada Title and Payday Loans in Henderson, Nevada on June 26, 2014; and a Game Stop in Henderson, Nevada, on July 3, 2014. Defendant does not argue that the indictment fails to plead the essential elements of a conspiracy or robbery under the Hobbs Act, including the required nexus with interstate commerce. Defendant

instead argues that the businesses charged in the indictment are not engaged in interstate commerce.  If the Government fails to present evidence at trial sufficient to establish the interstate commerce requirement, then Defendant may move for acquittal under Fed. R. Crim. P. 29.  The indictment alleges, however, that all five robberies unlawfully obstructed, delayed and affected or attempted to obstruct, delay and affect commerce as defined in 18 U.S.C. § 1951(b)(3).  Section 1951(b)(3) defines "commerce" as follows:

> The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any point outside such State; and all other commerce over which the United States has jurisdiction.

In order to exercise jurisdiction under the Hobbs Act, the Government need only establish that a defendant's actions had a *de minimis* effect on interstate commerce.  *United States v. Lynch*, 437 F.3d 902, 908 (9th Cir. 2006) (en banc) citing *United States v. Atcheson*, 94 F.3d 1237, 1241 (9th Cir. 1996) and *United States v. Phillips*, 577 2d 495, 501 (9th Cir. 1978).  "The interstate nexus requirement is satisfied by 'proof of a probable or potential impact' on interstate commerce." *Lynch*, 437 F.3d at 908 quoting *United States v. Huynh*, 60 F.3d 1386, 1389 (9th Cir. 1995). Typically, the robbery of an interstate business "constitutes sufficient evidence to satisfy the Hobbs Act's interstate commerce element." *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004) citing *United States v. Lynch*, 437 F.3d 1049, 1055 (9th Cir. 2002).  "The government need not show that a defendant's acts actually affected interest commerce." *Id.  Lynch* also noted that the Ninth Circuit has consistently upheld convictions under the Hobbs Act even where the connection to interstate commerce was slight. *Id.* at 909 citing *United States v. Atcheson*, 94 F.3d at 1243. The Government may even establish a *de minimis* effect on interstate commerce when the victim suffered no actual loss. *See United States. v. Phillips*, 577 F.2d 495, (9th Cir. 1978) (extortion threats alone were sufficient to constitute a *de minimis* effect on interstate commerce).  Finally, the temporary closure of a business is sufficient to establish the requisite *de minimis* effect on interstate commerce. *See United States v. Boyd*, 480 F.3d 1178, 1179 (9th Cir. 2007).

. . .

**B.     Dual Sovereignty**

The Defendant also argues that the Federal Government may not prosecute this matter because the State of Nevada has dropped the charges against the Defendant.  The Defendant goes on to claim that the State dropped its charges in order to allow the Federal prosecution to move forward.  According to the Defendant, the State had no evidence against him, and gave the case to the Federal Government to avoid a lawsuit.  The Defendant believes this constitutes malicious and vindictive prosecution.  Additionally, he notes that the Federal Government was not involved with the investigation into the Defendant's alleged crimes, and no Federal agents were present when he was arrested.  The Government argues that it has the ability to prosecute at the Federal level even after the State has dropped charges under the doctrine of "dual sovereignty."

It is well established that "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza*, 260 U.S. 377, 382 (1922); *see also Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir. 1992).  If the laws of both sovereignties are violated, a State prosecution does not bar a Federal one, and a Federal prosecution does not bar a State one.  *United States. v. Wheeler*, 435 U.S. 313, 316-17 (1978).  Regardless of the identity of the officers that investigated or arrested the Defendant, he may be prosecuted for the laws that have been broken in any sovereignty.  The Defendant in this case was charged by both State and Federal authorities with violating the respective laws of those sovereignties.  The State's decision to drop the charges against the Defendant is irrelevant to the Federal prosecution.  The Defendant attached Exhibit C, emails between State and Federal prosecutors involving a different matter, to prove that the State and Federal prosecutors conspired to allow the Federal case to go forward and the State case to be dismissed.  Collaboration between prosecutors on the State and Federal levels is the common practice, and is not barred by the Constitution.  *United States. v. Figeroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991) citing *Bartkus v. People of State of Ill.*, 359 U.S. 121, 123 (1959).

. . .

. . .

**C.     Vagueness**

Defendant argues that the Hobbs Act's definition of commerce is vague, and that this ambiguity should be resolved in favor of the accused.  He claims that "all charges of peti (sic) theft, shoplifting, peti (sic) larceny and grand larceny would be affecting commerce, and therefore (sic), a federal offence." *Motion to Dismiss* (#92), p. 9.  "The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct." *Jordan v. De George*, 341 U.S. 223 (1951).  The definition of commerce in 18 U.S.C. § 1951 "is well-established and therefore not unconstitutionally vague." *Rodriguez*, 360 F.3d at 954.  Notice of the reach of the Hobbs Act is not defined by the Defendant's individual understanding of the Act, but rather "the common understanding of the reach of the Commerce Clause." *Id*.  The Ninth Circuit further has held that "[t]he concept of affecting interstate or foreign commerce is so well imbedded in federal law as not to mislead anyone who desires to conform his conduct to the requirements of the law." *Id*. quoting *United States v. Campanale*, 528 F.2d 352 (9th Cir. 1975).

## CONCLUSION

Although it is premature for the Court to determine the issue of involvement in interstate commerce by the businesses listed in the indictment, it is reasonably likely that the Government will be able to make the requisite showing at trial that jurisdiction is proper under the Hobbs Act.  Furthermore, the Defendant's contention that the State of Nevada's failure to prosecute him invalidates the Federal Government's prosecution is without merit.  Finally, the Hobbs Act is not unconstitutionally vague.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss (#92) is **denied**.

. . .

. . .

. . .

. . .

. . .

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

**DATED** this 6th day of August, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge