UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>DOMINIQUE WELLS,<br><br>             Defendant. | Case No.: 2:14-cr-00280-JCM-GWF<br><br>**FINDINGS AND RECOMMENDATION**<br><br>**Motion to Dismiss (#128)** |

This matter is before the Court on Defendant's Motion to Dismiss (#128), filed on November 16, 2015. The Government filed its Response (#131) on December 3, 2015. Defendant filed his Reply (#137) on December 11, 2015. This matter is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

## BACKGROUND

Defendant Dominique Wells is charged with five counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) ("the Hobbs Act"); two counts of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); and five counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). *Indictment (#1)*. In regard to the charges under 18 U.S.C. § 924(c)(1)(A), the indictment alleges that Defendant Wells "carried and used a semi-automatic handgun" during the five robberies. *Id., Counts Two, Four, Six, Nine and Twelve.* Defendant Wells moves for dismissal of the indictment on the grounds that interference with commerce by robbery under the Hobbs Act does not constitute a crime of violence within the meaning of 18 U.S.C. § 924(c)(1)(A). If Defendant's argument is accepted, only Counts Two, Four, Six, Nine and Twelve are subject to dismissal. The counts charging Defendant with robbery and conspiracy under the Hobbs Act will remain.

**DISCUSSION**

**1.     Legal Standard**

Rule 12 of the Federal Rules of Criminal Procedure governs pleadings and pretrial motions. A criminal defendant may move to dismiss the indictment at any time prior to trial. In deciding a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The court must also take the allegations contained in the indictment as true. *Id.* The indictment either facially states the elements of an offense or it does not. *Id.* The court need not conduct an evidentiary hearing nor should it "consider evidence not appearing on the face of the indictment." *Id.* A motion to dismiss cannot be used to decide matters "of the general issue." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986). The court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence" *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996).

2.     **Whether a Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c).**

The Hobbes Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1). The indictment in this case tracks the language of the statute by alleging that the robberies were committed "by means of actual and threatened force, physical violence, and fear of injury to the person of said employee or agent . . . ." *Indictment (#1), Counts One, Three, Five, Eight and Eleven.*

18 U.S.C. § 924(c)(1)(A) provides that a defendant who uses or carries a firearm during and in relation to a crime of violence, or who, in furtherance of a crime of violence, possesses a firearm is subject to an additional sentence of not less than five years. 18 U.S.C. § 924(c)(3)(A) defines the term "crime of violence" as "an offense that is a felony and has as an element the use, attempted

use, or threatened use of physical force against the person or property of another." This provision is commonly referred to as the "force clause." 18 U.S.C. § 924(c)(3)(B), alternatively, defines the term "crime of violence" as "an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This provision is commonly referred to as the "residual clause."

Defendant makes three assertions in support of his argument that Counts Two, Four, Six, Nine and Twelve should be dismissed. First, he argues that in determining whether an offense qualifies as a crime of violence under § 924(c)(3)(A), the court must apply the "categorical approach," meaning that if the statute defining the predicate offense includes conduct that would not be considered a "crime of violence" as defined in § 924(c)(3)(A), then it is not a predicate offense for purposes of § 924(c)(1)(A). Second, because the Hobbs Act potentially punishes conduct that does not constitute a "crime of violence" as defined in § 924(c)(3)(A), it does not qualify as a predicate offense under 18 U.S.C. § 924(c)(1)(A). Third, in light of *Johnson v. United States*, — U.S —, 135 S.Ct. 2551 (2015), the residual clause in § 924(c)(3)(B) is unconstitutionally vague, and therefore void.

The Government argues that the court is not required to apply the "categorical approach" in determining whether a Hobbs Act robbery is a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(1)(A). Instead, that the determination of whether the charged robberies constitute "crimes of violence" as defined in § 924(c)(3)(A) should be based on the evidence presented at trial. Alternatively, the Government argues that the Court should apply the "modified categorical approach" which allows it to consider not only the language of the predicate statute, but also whether the elements of the predicate crime as charged in the indictment are limited to a "crime of violence." The Government further argues that because the counts charging violations of 18 U.S.C. § 924(c)(1)(A) can be upheld under the "force clause," the Court need not decide whether the "residual clause" is unconstitutional. The Government also argues, however, that *Johnson v. United States* is distinguishable and does not require the invalidation of 18 U.S.C. § 924(c)(3)(B).

The "categorical approach" is generally used to determine whether a *prior* criminal conviction qualifies as a predicate offense for purposes of charging a defendant with an additional

crime or imposing a greater sentence on the defendant. The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), for example, provides that a defendant convicted of being a felon in possession of a firearm is subject to more severe punishment if he has three or more prior convictions for a "violent felony." In *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143 (1990), the Supreme Court held that the ACCA requires courts to use the categorical approach in deciding whether a prior conviction qualifies as a violent felony. "Under the categorical approach, a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 2557 (2015), quoting *Begay v. United States*, 553 U.S. 137, 141, 138 S.Ct. 1581 (2008). As further explained in *Taylor*, the categorical approach is consistent with the language of the ACCA and its legislative history. 495 U.S. at 600-01, 110 S.Ct. at 2159. A third reason for the categorical approach is "[t]he practical difficulties and potential unfairness of a factual approach" that would require the court to review the records of the prior convictions and potentially retry the earlier cases. *Id.*, 495 U.S. at 601-02, 110 S.Ct. at 2159-60.

Under the categorical approach, "[i]f the relevant statute has the same elements as the 'generic' ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily ... guilty of all of the [generic crime's] elements.'" *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276, 2283 (2013), quoting *Taylor*, 495 U.S. at 599, 110 S.Ct. 2143. "But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.* The Supreme Court has recognized a narrow range of cases in which sentencing courts may apply a "modified categorical approach" and look beyond the statutory elements of the predicate offense to the charging paper and jury instructions used in the case. *Descamps*, 133 S.Ct. at 2283-84. In *Descamps*, the Court clarified that the modified categorical approach may only be used with respect to a "divisible" statute, i.e, a statute that has alternative elements at least one of which corresponds to the elements of a generic crime under the federal statute. In such cases, the court can look to the

charging document, jury instructions, or plea agreement to determine if the defendant was convicted under an alternative that constitutes a generic offense or meets the definition of the federal statute to be applied.

Several district courts have recently stated that the categorical approach should not be used in deciding a pretrial motion to dismiss charges under 18 U.S.C. § 924(c). In *United States v. Standberry*, 2015 WL 5920008 (E.D.Va. October 9, 2015), the defendants moved to dismiss the counts under 18 U.S.C. 924(c)(1)(A) on the grounds that the alleged Hobbs Act robbery on which the charges were predicated is not a crime of violence. Although defendants and the government urged the court to employ a categorical analysis, the court stated that "this approach has been rarely used outside its original intended purpose. Its value and utility are questionable in the present context where the violent nature of the alleged robberies is readily apparent from the face of the Superceding Indictment." 2015 WL 5920008, at *1. The court further stated that "[c]ases in which the categorical approach has been used outside the sentencing contexts are sparse. In the vast majority of cases, this one dimensional analytical construct is used by sentencing courts conducting a cold review of a prior conviction to determine whether its elements square with the definition of 'crime of violence' articulated in § 924(e)(3), the Armed Career Criminal Act. Unlike the retrospective analysis conducted by sentencing courts, trial courts have the benefit of viewing the evidence as it unfolds." *Id.*, at *2. The court with some reservation, however, bowed to the wishes of the parties and applied the categorical approach. The court found that the Hobbs Act robbery charged in the indictment was a crime of violence under either the categorical or modified categorical approaches. *Id.*, at *5-6.

In *United States v. McDaniels*, 2015 WL 7455539 (E.D.Va. November 23, 2015), another district judge explained more explicitly why the categorical approach should not be applied to a pre-trial motion to dismiss:

> Here, unlike in [*United States v. Fuentes*, 805 F.3d 485 (4th Cir. 2015)] and [*United States v. Naughton*, — Fed.Appx. —, 2015 WL 5147399 (4th Cir. September 2, 2015)], defendant challenges the use of Hobbs Act robbery as a predicate offense for § 924(c) on a *pre-trial* motion to dismiss the § 924(c) counts. In such circumstances, it is inappropriate to apply the categorical approach. The phrase "crime of violence" is an element of § 924(c)—rather than a sentencing

factor—and therefore "must be submitted to a jury and found beyond a reasonable doubt." *See Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013). Some offenses may be *categorically* crimes of violence, while others may be *categorically* not crimes of violence. That is, the commission of some crimes may always be violent while the commission of others may never be violent. In any event, the point here is that in this case the task of assessing whether the facts of the Hobbs Act robbery as alleged here fit the definition set forth in § 924(c)(3) belongs to a properly instructed jury. Specifically, in the case at bar, a jury would be instructed that defendant's commission of the Hobbs Act robberies alleged qualify as crimes of violence only if the jury finds that the government has proven beyond a reasonable doubt that the commission of the Hobbs Act robberies "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To conclude otherwise—to conclude that the categorical approach applies and that a Hobbs Act robbery is not categorically a crime of violence for purposes of a motion to dismiss an indictment—would effectively eliminate § 924(c) offenses for cases where the predicate offense is a Hobbs Act robbery, even in the most violent of circumstances. This anomalous result is one that Congress clearly never anticipated or intended.

2015 WL 7455539, at *4.

The court also stated that it made no sense to apply the categorical approach to a pretrial motion to dismiss because the practical considerations that gave rise to the categorical approach in the sentencing context are not present in a pretrial motion to dismiss the indictment. *Id.*[1]

In *United States v. Church*, 2015 WL 7738032 (N.D. Ind. December 1, 2015), defendants were charged under 18 U.S.C. § 924(c) in relation to an alleged Hobbs Act robbery. The court agreed with *Standberry* that the categorical approach was inapplicable because § 924(c) does not require a court to make a determination based on a *previous* conviction. Instead, a jury will be required to find whether the necessary elements have been established beyond a reasonable doubt. The court stated that "§ 924(c) does not implicate any of the problems that exist under the ACCA in having to reconstruct, long after the original conviction, the conduct underlying the predicate offense." *Id.*, at *6. *See also United States v. Checora*, 2015 WL 9305672, *2 (D.Utah December 21, 2015) ("This court agrees with the reasoning of the courts questioning whether the categorical

---

[1] The court also stated, however, that if it was required to apply the categorical approach, then Hobbs Act robbery qualifies as a crime of violence under § 924(c). *McDaniels*, 2015 WL 7455539, at *5-6.

6

approach is appropriate in the context of a § 924(c)(3) case, especially in the context of deciding a pretrial motion to dismiss.").

In *United States v. Sandoval*, Case No. 2:15-cr-00159-JCM-NJK, Report and Recommendation, Docket No. 34, page 4 (D. Nev. October 27, 2015), Magistrate Judge Koppe agreed with *Standberry* that the categorical approach is not applicable with respect to a pretrial motion to dismiss counts charging a violation of 18 U.S.C. § 924(c). The predicate crime in *Sandoval* was carjacking in violation of 18 U.S.C. § 2119. Given the parties' assertion that the court should apply the categorical approach, Judge Koppe reluctantly did so, and concluded that the alleged carjacking offense qualified as a crime of violence under § 924(c). In *United States v. Johnson*, Case No. 2:15-cr-00220-JCM-VCF, Report and Recommendation, Docket No. 33, page 5 (D.Nev. November 17, 2015), Magistrate Judge Ferenbach noted, but did not explicitly adopt, Judge Koppe's statement in *Sandoval* that the categorical approach should not apply to a pretrial motion to dismiss. The predicate crime at issue in *Johnson* was also a Hobbs Act robbery which Judge Ferenbach concluded was a crime of violence under the modified categorical approach.

This Court finds the reasoning of the foregoing courts to be persuasive; in particular, the analysis set forth in *United States v. McDaniels*. The Court therefore concludes that the categorical approach does not apply with respect to a pretrial motion to dismiss charges brought under 18 U.S.C. § 924(c). As stated in *McDaniels*, the jury in this case should decide whether the Government is able to prove beyond a reasonable doubt that the commission of the alleged Hobbs Act robberies had as an element the use, attempted use, or threatened use of physical force against the person or property of another.

As the district courts did in the preceding cases, this Court will nonetheless evaluate whether the Hobbs Act robberies charged in the indictment constitute crimes of violence under the categorical approach. Defendant argues that Hobbs Act robbery cannot qualify as a crime of violence under the "force clause" in § 924(c)(3)(A) because "'physical force' means 'violent force' that is 'strong physical force', which is 'capable of causing physical pain or injury to another person.' *Johnson v. United States*, 559 U.S. 133, 140 (2010)." *Motion to Dismiss (#128), pg. 4*. Defendant states that "Hobbs Act robbery, as defined by 1951, does not meet this requirement,

because it can be accomplished by placing someone in *fear* of future injury to his person or property which does not require the use, attempted use, or threatened use of 'violent force.' Additionally, because the act of putting someone in fear of injury can be accomplished without a intentional threat of physical force, it fails to satisfy the intentional mens rea required under 924(c)(3)(A) (force clause)." *Id., pg. 4*. Defendant provides hypothetical examples of robberies that can be committed without the use or threat of use of violent force: (1) threatening to poison a person if he does not turn over his money or assets; (2) threatening to release hazardous chemicals into the person's car (3) threatening to place a barrier in front of the person's car; or (4) threatening to lock the person up in a car on a hot day. *Id., pgs. 4-5*.

The district court in *McDaniels* addressed these same arguments, including the hypothetical robberies, which were based on the *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012).[2] In rejecting these arguments, the court stated, that the Supreme Court had rejected the rationale of *Torres-Miguel* in *United States v. Castleman*, — U.S. —, 134 S.Ct. 1405, 1414-15, 188 L.Ed.2d 26 (2014). The issue in *Torres-Miguel* was whether defendant's California conviction warranted a sentencing enhancement because the crime had an element of "violent force" pursuant to U.S.S.G. § 2L.1.2. The California statute required proof that the defendant had willfully threatened to commit a crime that will result in death or great bodily injury to another. *Torres-Miguel* held that the California statute did not qualify as a "crime of violence" under the sentencing guidelines "because the threat of *any bodily injury*, 'even serious bodily injury or death,' does not necessarily require the use of physical force, let alone 'violent force.' *Id.* at 168-69. As an example, the Fourth Circuit noted that a defendant could violate the California statute 'by poisoning another, which involves no use or threatened use of force.' *Id.* (citing *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010))." *McDaniel,* at \*5.

As discussed in *McDaniel,* the Supreme Court implicitly rejected this rationale in *United States v. Castleman* which involved the issue of whether a conviction under a state statute, which included as an element, "the use or attempted use of physical force," qualified as a "misdemeanor

---

[2] This case is also cited by Defendant Wells. *See Motion (#128), pgs. 5-6.*

crime of domestic violence" under 18 U.S.C. § 924(g)(9). The defendant in *Castleman* argued that "no one would say that a poisoner 'employs' force or 'carries out a purpose by means of force' when he or she sprinkles poison in a victim's drink.'" 134 S.Ct. at 1415. The Supreme Court stated, however:

> The "use of force" in Castleman's example is not the act of "sprinkl[ing]" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch) does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim. *Leocal* held that the "use' of force must entail "a higher degree of intent than negligent or merely accidental conduct," 543 U.S., at 9, 125 S.Ct. 377; it did not hold that the word use somehow alters the meaning of "force."

*Castleman*, 134 S.Ct. at 1415.

The other hypothetical examples cited by Defendant also involve the use or threatened use of physical force which satisfy the definition of crime of violence set forth in § 924(c)(3)(A). In each example, the threat of physical bodily injury, however administered, is used to coerce the person to relinquish his property.

The court in *McDaniel* also held that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A) because it tracks the definition of common law robbery which is defined as "'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" *Id.* at *5. The court noted that in holding that this definition of robbery qualified as a crime of violence under the ACCA, the Fourth Circuit in *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) stated: "Violence is the use of force. Intimidation is threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, Presley's robbery convictions were properly used as predicates under ACCA." The Ninth Circuit in *United States v. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003) agreed with this conclusion. *McDaniels* notes that "[t]he Hobbs Act uses the phrase 'fear of injury' rather than 'intimidation,' but the terms are functionally equivalent, as the test for intimidation is 'whether an ordinary person ... reasonably could infer a threat of bodily harm from defendant's acts.' *See United States v. Woodrup*, 86 F.3d 359, 363-64 (4th Cir. 1996)." *Id.* at *5.

Case 2:14-cr-00280-JCM-GWF   Document 140   Filed 12/30/15   Page 10 of 11

The court in *McDaniels* therefore held that under the categorical approach, that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A).

The court in *United States v. Standberry*, 2015 WL 5920008, at *6, found that a plausible argument can also be made that the Hobbs Act statute is divisible and therefore justifies use of the modified categorical approach. The superceding indictment in that case alleged that the robberies were perpetrated by "actual and threatened force, violence and fear of injury, immediate and future." The court stated that these allegations were more than adequate to satisfy the definition of "crime of violence" contained in § 924(c)(3)(A). The indictment in this case alleges that the Hobbs Act robberies were perpetrated "by means of actual and threatened force, physical violence, and fear of injury to the person of said employee or agent." In his Report and Recommendation in *United States v. Johnson*, Case No. 2:15-cr-00220-JCM-VCF, Docket No. 33, Magistrate Judge Ferenbach found that substantially similar language in the indictment meets the definition of "crime of violence" in § 924(c)(3)(A). To the extent that the Hobbs Act encompasses robberies that do not require the use or threatened use of physical force, this Court concludes that the indictment sufficiently alleges a crime of violence under the modified categorical approach.

Because the Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), there is no need for the Court to address the question of whether the residual clause in § 924(c)(3)(B) is unconstitutional in light of *Johnson v. United States*, — U.S —, 135 S.Ct. 2551 (2015). The Court therefore refrains from addressing that issue. *See Ashwater v. Tenn. Valley. Auth.*, 56 S. Ct. 466, 483 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

## **CONCLUSION**

Whether the Hobbs Act robberies allegedly committed by Defendant Wells are "crimes of violence" within the meaning of 18 U.S.C. § 924(c)(1)(A) is an issue to be decided by a jury based on the evidence presented at trial. It is not an appropriate subject for decision on a pretrial motion to dismiss. However, to the extent the Court is required to decide this issue, it concludes that the robberies charged in the indictment meet the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A) under the modified categorical approach. Accordingly,

**RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (#128) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of December, 2015.

*[signature]*
GEORGE FOLEY, JR.
United States Magistrate Judge