1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-CR-280 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| DOMINIQUE WELLS, et al., | |
| Defendant(s). | |

Presently before the court are Magistrate Judge Foley's report and recommendations regarding defendant's motion to suppress. (Doc. #130). *Pro se* defendant Dominique Wells filed objections (doc. #138), and the government filed a response to defendant's objections (doc. #141).

**I.     Background**

On August 19, 2014, a federal grand jury issued an indictment charging the defendant with the commission of five robberies in violation of 18 U.S.C. § 1951. Defendant is also charged with two counts of conspiracy to interfere with commerce by robbery and with five counts of use of a firearm during and in relation to a crime of violence. (Doc. #1). Defendant allegedly robbed a 7-Eleven Store in Henderson, Nevada, on June 15, 2014; the Texas Market in Las Vegas, Nevada, on June 19, 2014; and Boulder Liquor in Las Vegas, Nevada, on June 21, 2014. Defendant and Andre Hall allegedly robbed Nevada Title and Payday Loans in Henderson, Nevada, on June 26, 2014. Defendant Wells, Andre Hall, and Christopher Dobbins allegedly robbed GameStop in Henderson, Nevada, on July 3, 2014. (*Id.*)

Defendant filed a motion to suppress evidence seized during the execution of a search warrant that was issued by a Clark County, Nevada, justice-of-the-peace on July 18, 2014. (Doc. #108). Defendant Wells argues that the telephone affidavit submitted by Detective Ebert of the

James C. Mahan
U.S. District Judge

Henderson Police Department omitted material facts which, if included in the affidavit, would have shown that probable cause did not exist to support the issuance of the warrant. Defendant requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant also argues that his arrest violated the Fourth Amendment.

Magistrate Judge Foley issued a report and recommendation recommending that defendant's motion to suppress be denied. Defendant filed objections to the report and recommendation (doc. #138), and the government filed a response. (Doc. #141). The court now reviews Magistrate Judge Foley's recommendations.

## II.       Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.      Discussion

In the report and recommendation, Magistrate Judge Foley found that 1) the defendant was not entitled to a *Franks* hearing because the search warrant at issue was valid and sufficient to support probable cause even if the alleged omissions from the search warrant affidavit were included; and 2) the warrantless arrest of the defendant in his home did not violate the Fourth Amendment because the officers had a valid search warrant for the defendant's residence. (Doc. #130). The government concurs with Magistrate Judge Foley's findings and asks the court to adopt the report and recommendation.  (Doc. #141).

*a.*  Franks *evidentiary hearing*

Defendant contends that the magistrate judge erred in finding that the affidavit's inconsistencies were not substantial enough to merit a *Franks* hearing. His objections are the same as those raised in his motion to suppress. (Doc. #108). Defendant believes that, rather than add the

James C. Mahan
U.S. District Judge

- 2 -

omitted statements to the affidavit and analyze all of the evidence, the magistrate judge should look only at the omitted statements and disregard any conflicting statements in the affidavit. (Doc. #138)

A defendant is entitled to challenge the validity of a search warrant if he makes a substantial preliminary showing that (1) the affidavit in support of the warrant contains intentionally or recklessly false statements and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978). If the defendant makes a substantial showing that the affidavit contains intentionally or recklessly false statements, "and if, when the material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. On the other hand, if the remaining content is insufficient to support probable cause, then the defendant is entitled to an evidentiary hearing. *Id.*

Intentional or reckless omissions may also provide grounds for a *Franks* hearing. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) In determining whether a defendant is entitled to an evidentiary hearing, "[c]lear proof of deliberate or reckless omission is not required. (citation omitted). Such proof is reserved for the evidentiary hearing." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). The court in *Stanert* found that the defendant made a substantial preliminary showing that the affidavit omitted material information regarding each of the key facts relied on by the government to support probable cause and that the nature of the omissions suggested that they were made intentionally or at least recklessly. *Id.*

The defendant's objection does not allege that Detective Ebert made any material misrepresentations; rather, defendant argues that there were material omissions from the affidavit. Therefore, the affidavit need not be "purged" of the statements that defendant challenge, as it would if the statements were false. *Franks*, 438 U.S. at 171-72.

After reviewing the recorded interviews of Hall and Dobbins, which provided support for the issuance of defendant's arrest warrant, the magistrate judge concluded that Detective Ebert should have informed the justice-of-the-peace that Hall and Dobbins initially denied involvement

James C. Mahan
U.S. District Judge

- 3 -

in the GameStop robbery before admitting that they participated in the robbery and identified defendant Wells as one of the robbers. (Doc. #130).

If this information had been included in the affidavit, it might have lessened the reliability of Hall and Dobbins' statements. However, Magistrate Judge Foley found, and the court agrees, that it is not surprising that a suspect would first deny involvement in a crime, but when confronted with the evidence against him, admit to his involvement and identify the other persons who participated in the crime. (*Id.*) While the omission may have lessened the weight of Hall and Dobbins' confessions, its inclusion does not invalidate the voluntary confessions made by Hall and Dobbins.[1] The court agrees with the magistrate judge; as corrected, Detective Ebert's affidavit would still support a finding of probable cause to believe that defendant Wells committed the GameStop robbery based on the statements of Hall and Dobbins.

The magistrate judge likewise concluded that, while Detective Ebert's omissions relating to the statements of witness Christine Hopper were arguably more significant, there would still have been probable cause to believe that defendant Wells robbed Nevada Title and Payday Loans. (Doc. #130).

Detective Ebert's affidavit implied that Ms. Hopper saw the robber's face during the June 26th robbery and recognized him as the same individual who had come into the business the day before, as well as a week earlier. (*Id.*) However, Ms. Hopper stated that she did not look at the robbers' faces, and her co-worker stated that the robbers were wearing masks. The magistrate judge correctly noted that Ms. Hopper's statement more readily suggests that that the second robber had the same build as the person who had previously entered the business. (*Id.*) This information, if included in the affidavit, would have diminished the reliability of Ms. Hopper's identification of defendant Wells as one of the robbers.

---

[1] Defendant argues that Hall and Dobbins' confessions were involuntary because they were obtained by "psychological coercion and improper inducement," including threats to fabricate his report to coerce Dobbins into confessing. (Docs. 108, 130). Magistrate Judge Foley correctly found that "trickery, deceit, and even impersonation do not render a confession inadmissible in noncustodial situations and usually does not render the confession involuntary in a custodial situation unless government agents make threats or promises." (Doc. #130); *United States v. Crawford*, 372 F.3d 1048, 1060-61 (9th Cir. 2004). In *Crawford*, the court noted that police commonly rely upon tactics such as suggesting to a suspect that a partner has just confessed or that the police have or will secure physical evidence against the suspect. The court further noted that confessions procured by deceit have been held voluntary in a number of situations. *Crawford*, 372 F.3d at 1060-61. Therefore, this court agrees with the magistrate judge and finds that the confessions were voluntary.

James C. Mahan
U.S. District Judge

However, the affidavit correctly stated that Ms. Hopper identified defendant Wells as the suspect who came into the business the day before the robbery and appeared to be casing the business. (Doc. #117, Exh. 4). It also showed that a single individual robbed several business locations in Henderson and Las Vegas between June 15 and June 21, 2014. The individual who committed these robberies reportedly wore a black T-shirt, camouflage shorts and displayed a black handgun that had an attached laser site. (Doc. #130). Evidence recovered from the scene of the robbery of Texas Liquor on June 19, 2014, included the left palm print of defendant Wells. (Doc. #117, Exh. 4). During the robbery of Nevada Title and Payday Loans on June 26, 2014, the robber also used a handgun with a laser site. (*Id.*).

The court agrees with Magistrate Judge Foley's assessment. Ms. Hopper's identification of the defendant, plus the totality of the information tying the defendant to the other robberies demonstrates probable cause to believe that he was one of the two robbers of Nevada Title and Payday Loans on June 26, 2014.

> b. *Defendant's arrest*

Defendant argues in both his motion to suppress as well as his objections to the report and recommendation that his arrest was in violation of the Fourth Amendment in accordance with *Payton v. New York*, 445 U.S. 573, 590 (1980).

In *Payton*, the Supreme Court held that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. *Id.* The Ninth Circuit held that this rule also applies when the police force a suspect to exit his house so that he may be arrested. *United States v. Nora*, 765 F.3d 1049, 1054 (9th Cir. 2014).

A warrantless arrest in a home based upon probable cause is valid if police enter pursuant to a valid search warrant. *See, e.g., Tabb v. Ylst*, 900 F.2d 263, *2 (9th Cir. 1990) (citing *Augustine v. Doe,* 740 F.2d 322, 325 (5th Cir.1984) (consent to entry into home or entry pursuant to search warrant assumed sufficient to permit arrest without arrest warrant); *Russell v. Harms*, 397 F.3d 458, 466 (7th Cir. 2005); *Mahlberg v. Mentzer*, 968 F.2d 772, 775 (8th Cir. 1992); *Jones v. City of Denver*, 854 F.3d 1206, 1209 (10th Cir. 1988); *United States v. Briley,* 726 F.2d 1301,

1    1303 (8th Cir.1984) ("valid and voluntary consent may be followed by a warrantless in-

2    home arrest"); *United States v. Russell*, 501 Fed.Appx. 67, 69 (2nd Cir. 2012); *United States v.*

3    *Cox*, 553 Fed.Appx. 123, 129 n. 3 (3rd Cir. 2014).

4         The magistrate judge correctly found that the search warrant was valid and the police

5    therefore had lawful grounds to enter defendant's apartment. Based on the facts set forth in the

6    search warrant affidavit, the police also had probable cause to arrest the defendant. The officers

7    therefore did not violate defendant's Fourth Amendment rights with respect to his arrest.

8         The court agrees with Magistrate Judge Foley's thorough analysis of the issues put forth in

9    defendant's motion to suppress.   Therefore, after reviewing Magistrate Judge Foley's report,

10   defendant's objections, the government's response, and the underlying briefs *de novo*, the court

11   adopts the report and recommendation in full.

12   **IV.    Conclusion**

13        Accordingly,

14        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge

15   Foley's report and recommendation (docs. #130) be, and the same hereby are, ADOPTED in full.

16        IT IS FURTHER ORDERED that defendant Dominique Wells' motion to suppress (doc.

17   #108) is DENIED.

18        DATED February 19, 2016.

19                                        _____
20                                        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                              - 6 -