UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>DOMINIQUE WELLS, et al.,<br><br>                              Defendant(s). | Case No. 2:14-CR-280 JCM (GWF)<br><br>ORDER |

Presently before the court is *pro se* defendant Dominique Wells' motion to reopen and amend detention order. (ECF No. 215). The government filed a response in opposition (ECF No. 216), and defendant filed a reply. (ECF No 218). Also before the court is defendant's motion to continue his sentencing hearing (ECF No. 227), and the government filed a response in opposition. (ECF No. 228).

### I.     Procedural Background

On August 19, 2014, a federal grand jury returned an indictment charging defendant with five counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951, two counts of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951, and five counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 1). On August 27, 2014, the defendant made an initial appearance pursuant to a writ of habeas corpus ad prosequendum because he was in state custody facing related charges. (ECF No. 15). Defendant pled not guilty and, after a detention hearing, he was ordered detained pending trial, which was originally set for November 3, 2014. (ECF Nos. 15, 30). The matter was continued six times, and proceeded to trial on April 18, 2016. On April 21,

**James C. Mahan**
**U.S. District Judge**

2016, defendant was found guilty on all counts charged in the indictment. (ECF Nos. 189, 192). The matter is presently scheduled for sentencing on July 21, 2016.

## II. Legal Standards and Discussion

### a. Motion to reopen detention hearing

Defendant brings the instant motion requesting that the court reopen and amend his detention order pursuant to 18 U.S.C. §§ 3143. (ECF No. 215). Under this statute, a defendant awaiting sentencing may be released only if the judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). This is a high burden to satisfy. *See United States v. Masters*, 2013 WL 5308204, at *2 (D. Nev. Sept. 18, 2013).

Defendant also argues that his continued detention runs afoul of the Bail Reform Act and that he is neither a risk of nonappearance nor a danger to the community as defined in 18 U.S.C. §§ 3145(b) and 3141(b). (ECF No. 215). Magistrate Judge Foley already denied a previous motion filed by defendant and explained that defendant is no longer subject to the court's pre-trial detention order. (ECF No. 207).

The government asserts that defendant should not be released pending sentencing or appeal because he has been found guilty of all charges at the conclusion of a jury trial. (ECF No. 216). The court agrees. 18 U.S.C. § 3143(a)(2) provides in pertinent part:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

James C. Mahan
U.S. District Judge

- 2 -

Because defendant was convicted of both a crime of violence and the maximum sentence for use of a firearm during and in relation to a crime of violence is life imprisonment, defendant is subject to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2). Furthermore, given the evidence presented at trial, the court finds that there is not a substantial likelihood that a motion for acquittal or new trial will be granted. While the defendant claims he has uncovered "recently discovered case law" he does not provide any such cases in his motion.

With respect to § 3143(a)(2)(A)(ii), the government has indicated that it is going to recommend a sentence of imprisonment be imposed upon the defendant. Finally, given that defendant was convicted by a jury of multiple armed robberies, this court does not find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if he is released, pursuant to 18 U.S.C. § 3143(a)(2)(B).

Therefore, defendant's motion to reopen and amend detention order (ECF No. 215) is denied.

### b. Motion to continue sentencing

Defendant next requests that the court continue his sentencing until after the Ninth Circuit renders a decision in *United States v. Tate*, No. 15-10283. The government opposes defendant's request because there is no legitimate reason for the delay nor would a denial prejudice the defendant. *See, e.g.*, *United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994), *cert. denied*, 513 U.S. 1086 (1995). Furthermore, the government argues, a decision in *Tate* will have no effect on the disposition of defendant's case.

The court agrees. The question in *Tate* is whether a California conviction for second degree robbery under state law qualifies as a "crime of violence" for the purposes of enhancing a defendant's sentence for a federal felon in possession of a firearm conviction pursuant to sections 2K2.1 and 4B1.2 of the United States Sentencing Guidelines. (ECF No. 228, Exh. 1). *Tate* does not contemplate whether Hobbs Act robbery qualifies as a "crime of violence" for the purposes of 18 U.S.C. § 924(c). The other two cases referenced in defendant's motion, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016) and *United States v. Dixon*, (9th Cir. 2015), are likewise concerned

James C. Mahan
U.S. District Judge

- 3 -

1  with state convictions for robberies and whether they qualify under the Armed Criminal Career
2  Act.
3      Defendant provides no justifiable reason to delay sentencing, and his motion is, therefore,
4  denied.
5      **III.    Conclusion**
6      Accordingly,
7      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to
8  reopen and amend detention order, (ECF No. 215), be, and the same hereby is, DENIED.
9      IT IS FURTHER ORDERED that defendant's motion to continue sentencing, (ECF No.
10  227), be and the same hereby is, DENIED.
11      DATED July 20, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**